UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATIONAL RESTAURANT
ASSOCIATION EDUCATIONAL
FOUNDATION, *et al.*,

    *Plaintiffs*,

    v.

MARK SHAIN, *et al.*,

    *Defendants*.

Civil Action No. 12-0665 (ESH)

**MEMORANDUM OPINION**

Plaintiffs National Restaurant Association Educational Foundation and National Restaurant Association Solutions, LLC, have sued defendants Mark Shain, the Food Safety Corporation, and Food Safety Administration, alleging trademark infringement. (*See* Complaint, April 26, 2012 [Dkt. No. 1] ("Compl.").) This is the third action in this Court in which plaintiffs have asserted claims of infringement of their "SERVSAFE" trademarks by defendants Shain and Food Safety Corporation. *See National Restaurant Association Educational Foundation v. Food Safety Corporation, et al.*, No. 10-cv-1140; *National Restaurant Association Educational Foundation v. Food Safety Corporation, et al.*, No. 10-cv-1734.

Before the Court is defendants' Motion to Vacate the Entry of Default (September 10, 2012 [Dkt. No. 16]) and plaintiffs' opposition (September 12, 2012 [Dkt. No. 20]). For the reasons stated, the Court will deny defendants' motion.

**BACKGROUND**

Plaintiffs' counsel represents that plaintiffs dismissed their first action against defendants,

1

No. 10-cv-1140, "in reliance on a signed, notarized statement from . . . Shain in which he represented that he had stopped using the SERVSAFE Marks and had destroyed all written and electronic materials using them." (*Id.* at 2.)  However, a month after dismissing No. 10-cv-1140, plaintiffs "became aware that . . . Shain and Food Safety Corporation had resumed using the SERVSAFE Marks . . . and that . . . Shain was holding himself out (inaccurately) as an authorized SERVSAFE instructor and proctor." (*Id.*)  Plaintiffs then filed their second action against defendants, No. 10-cv-1734.  That action "was resolved by a settlement agreement in which . . . Shain and Food Safety Corporation agreed . . . never to use any trademark owned by [the National Restaurant Association Educational] Foundation, including the SERVSAFE Marks." (*Id.* at 3.)  However, plaintiffs later "received evidence that . . . Shain had, without authorization," used the trademarks.  (*Id.*)  On April 26, 2012, plaintiffs had to file yet another action.  (*See* Compl.)

Defendant Shain was served with the complaint, on behalf of himself individually and on behalf of the two corporate defendants, on June 23, 2012.  (*See* Return of Service, July 3, 2012 [Dkt. No. 7]).  Defendants' response to the complaint was due July 16, 2012, as the next business day after July 14.  *See* Fed. R. Civ. P. 12(a)(1)(A)(i).  When defendants failed to file a response, the Court on July 19 ordered plaintiffs to cause entry of a default or to show cause why a motion for entry of default had not been filed.  (Order, July 19, 2012 [Dkt. No. 8] at 1.)  Plaintiffs' response to the Court's show-cause order (July 30, 2012 [Dkt. No. 9]) indicated that, on July 11, 2012, plaintiffs' counsel was contacted by Sean Gregor, who has since entered an appearance as counsel for defendants, with a request for an extension of time to respond to plaintiffs' complaint.  (*Id.* at 2.)  Plaintiffs consented to a 30-day extension of the deadline, until August 15, 2012.  (*Id.* at 1.)  Plaintiffs' counsel represents that he told Gregor "more than once that

[p]laintiffs would not agree to any further extension unless defendants sought it by motion (and then only under certain conditions)." (Pl. Opp'n at 4.) Plaintiffs' counsel also represents that, on July 20, he provided a copy of the Court's July 19 show-cause order to Gregor. (*Id.* at 4 n.1.)

None of the defendants filed any response to the complaint on or before August 15, 2012, nor did they file a motion seeking a further extension of that deadline. Accordingly, on August 27, 2012, the Court ordered plaintiffs to cause default to be entered and apply for entry of judgment thereon by September 11, 2012. (Order, Aug. 27, 2012 [Dkt. No. 10] at 1–2.) Plaintiffs' counsel represents that, on August 29, he provided a copy of the Court's August 27 order to Gregor. (Pl. Opp'n at 4 n.2.)

Plaintiffs sought entry of default as to all defendants on August 30, 2012. (Plaintiffs' Request for Entry of Default, Aug. 30, 2012 [Dkt. No. 11].) On September 4, 2012, the Clerk entered defaults as to the corporate defendants (Clerk's Entry of Default as to Food Safety Administration, Inc., and Food Safety Corporation, Sept. 4, 2012 [Dkt. No. 12]), but as to defendant Shain, a military affidavit was required. In preparing the affidavit, plaintiffs' counsel represents that he emailed Gregor to confirm that Shain was not in the military, but that Gregor never responded. (Pl. Opp'n at 4–5.) On September 6, 2012, plaintiffs' counsel filed a declaration alleging that Shain was not in the military. (Declaration of Steuart H. Thomsen in Support of Plaintiffs' Request for Entry of Default Against Defendant Mark Shain, Sept. 6, 2012 [Dkt. No. 13].)

On September 10, 2012, Gregor filed a notice of appearance as defendants' counsel, a motion to appear pro hac vice, and the motion to vacate the entry of default that is presently before the Court. Attached to the motion was a proposed verified answer. (*See* Def. Mot., Ex. A.) Defendants' proposed answer states that "[d]efendants deny each and every allegation

3

contained in the [p]laintiff[s'] [c]omplaint," and lists, without explanation, 18 "affirmative defenses," including, *inter alia*, assumption of risk, "[t]he doctrine of unclean hands," "Accord and Satisfaction," "Waiver," "Estoppel," "Mistake," "Offset," "Legal Justification or Excuse," "Fraud," "Illegality," "Ambiguity," and "Rescission." (*Id.*, Ex. A at 1–2.)

## ANALYSIS

Defendants' motion to vacate the defaults entered against the corporate defendants consists of two substantive paragraphs. The first cites the well-established legal principles that "'[d]efault judgments are not favored by modern courts'" in light of "'the strong policies favoring the resolution of genuine disputes on their merits,'" and that "'[a] default can be set aside under rule 55(c) for good cause shown.'" (Def. Mot. at 1 (some internal quotation marks omitted) (quoting *Jackson v. Beech*, 636 F.2d 831, 835 (D.C. Cir. 1980)). The motion's second paragraph purports to establish "good cause" for vacating the entry of defaults, Fed. R. Civ. P. 55(c), with the following factual explanation:

> In the instant matter, the Defendants were representing themselves *pro-se* for some time in an attempt to come to a reasonable settlement with Plaintiffs. Having exhausted that option, Defendants retained undersigned counsel to assist them in defending against this matter. Defendants state that the parties agreed to a settlement agreement in December 2010 to dispose of this matter at that time in NATIONAL RESTAURANT ASSOCIATION EDUCATIONAL FOUNDATION v. FOOD SAFETY CORPORATION et al, Civil Action No. 1:10-cv-01734-HHK, docket entry #5. However, Defendants entered into that settlement agreement without the benefit of counsel and felt considerable pressure to resolve the matter because they were representing themselves *pro-se*, presenting a situation where the parties had clear unequal bargaining power.

(Def. Mot. at 2 (footnote omitted).) Defendants' motion concludes: "Thus, Defendant can demonstrate 'good cause' as contemplated by *Jackson* and Rule 55(c) in order to vacate the default and allow this matter to go forward." (*Id.*)

The Court disagrees. The Court acknowledges that default judgments are disfavored

"because entering and enforcing judgments as a penalty for delays in filing is often contrary to the fair administration of justice." *Int'l Painters & Allied Trades Union & Indus. Pension Fund v. H. W. Ellis Painting Co., Inc.*, 288 F. Supp. 2d 22, 25 (D.D.C. 2003) (citing *Jackson*, 636 F.2d at 835). Here, however, even when "all doubts are resolved in [defendants'] favor," *Jackson*, 636 F.2d at 836, defendants have fallen well short of demonstrating the "good cause" necessary to "set aside an entry of default." Fed. R. Civ. P. 55(c).[1] Courts consider "three criteria in deciding whether to set aside [a] default: 'whether (1) the default was willful, (2) a set-aside would prejudice plaintiff, and (3) the alleged defense [is] meritorious.'" *Jackson*, 636 F.2d at 836 (quoting *Keegel v. Key West & Caribbean Trading Co., Inc.*, 627 F.2d 372, 374 (D.C. Cir. 1980)). The Court will address each factor in turn.

I.     **WILLFULLNESS**

"The boundary of willfulness lies somewhere between a case involving a negligent filing error, which is normally considered an excusable failure to respond, and a deliberate decision to default, which is generally not excusable." *Int'l Painters*, 288 F. Supp. 2d at 26. The record in this case compels the conclusion that defendants' failure to respond to plaintiffs' complaint by August 15, 2012, was willful. Defendants do not dispute that they were properly served on June 23, 2012. Unlike the situation in *Gaither v. District of Columbia*, 653 F. Supp. 2d 35 (D.D.C. 2009), for example, where the court concluded that a default was not willful, defendants here cannot and do not argue that they "[were] not aware either of the instant lawsuit . . . or that default had been entered against [them]." *Id.* at 41. Moreover, defense counsel's request for an

---

[1] While courts can also set aside the entry of defaults pursuant to Fed. R. Civ. P. 60(b)(1), defendants have not argued that their untimely response to plaintiffs' complaint was owing to "mistake, inadvertence, surprise, or excusable neglect." *Id.* In any case, defendants would lose under this standard as well.

extension of time in which to answer, through August 15, 2012, was granted.  Finally, even though defendants' counsel had yet to enter an appearance, plaintiffs' counsel provided him with copies of this Court's orders which alerted him to the need to act.  While the Court will not "impute the conduct of the attorney to his clients," *Jackson*, 636 F.2d at 837, the Court also cannot ignore defendants' and defendants' counsel's behavior here—particularly in light of the fact that defendants present absolutely no argument as to why their default was not willful.

Indeed, defendants have not argued that their failure to respond was inadvertent or is otherwise excusable.  The possibility that defendants had "unequal bargaining power" in a prior case that they settled with plaintiffs, No. 10-cv-1734 (Def. Mot. at 2), is irrelevant to defendants' failure to file a timely response to the complaint in *this* case.  To the contrary, the parties' litigation history counsels in favor of concluding that defendants' default in this matter was willful.  Finally, the fact that defendants were, for a time, representing themselves *pro se* is immaterial where the record shows that they retained counsel before the initial deadline for a response, and well before the extended deadline that their counsel negotiated on their behalf.

## II.     PREJUDICE

Plaintiffs claim that they would suffer prejudice were the Court to grant defendants' motion:

> This is the third action plaintiffs have had to bring to protect their trademarks from defendants' infringement.  In this third action alone, defendants have now incurred more than $81,000 in costs and fees.  These include the expense of preparing and bringing this action; trying to serve . . . Shain over four states and two months; fees incurred in attempts to resolve the matter with defendants' counsel and then to seek entry of default and default judgment when defendants failed to respond to the complaint notwithstanding their representation by counsel; and, now, fees incurred in responding to an eleventh-hour motion to set aside the default . . . .

(Pl. Opp'n at 8.)  Given these circumstances and defendants' failure to rebut this showing, the

Court is inclined to agree that plaintiffs have demonstrated the possibility of prejudice. The Court, however, does not need to decide the sufficiency of plaintiffs' showing because it "has discretion to deny a motion to vacate if it is persuaded that the default was willful and that the defaulting party has no meritorious defenses." *Int'l Painters*, 288 F. Supp. 2d at 31 (citing *SEC v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998)). The Court therefore turns to defendants' proposed answer.

### III.   MERITORIOUSNESS OF DEFENDANTS' ALLEGED DEFENSES

> When moving to set aside a default, defendant is not required to prove a defense, but only to assert a meritorious defense that it may prove at trial. *Whelan v. Abell*, 48 F.3d 1247, 1259 (D.C. Cir. 1995). A defendant's allegations are considered meritorious if they contain "even a hint of a suggestion" which, if proven at trial, would constitute a complete defense, *Keegel*, 627 F.2d at 374, but they must be "good at law so as to give the factfinder some determination to make." *Am. Alliance Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996).

*Int'l Painters*, 288 F. Supp. 2d at 28. Simply put, the Court cannot find "even a hint of a suggestion" of a meritorious defense in defendants' proposed answer such that the factfinder might have "some determination to make" in defendants' favor. *Id.* (internal quotation marks and citations omitted).

As an initial matter, plaintiffs are correct that defendants' general denial—"Defendants deny each and every allegation contained in the [plaintiffs'] [c]omplaint." (Def. Mot, Ex. A at 1)—would be subject to a motion to strike under Fed. R. Civ. P. 12(f) because Rule 8(b)(2) permits a general denial only where a party "intends in good faith to deny all the allegations of a pleading—including the jurisdictional grounds . . . ." Fed. R. Civ. P. 8(b)(3).

Nor have defendants supplied *any* factual basis for their laundry-list of "affirmative defenses." (Def. Mot, Ex. A at 1 (capitalization altered); *see id.* at 1–2 (listing, without explanation, 18 affirmative defenses).) "'In order to make a sufficient showing of a meritorious

defense, the defendant . . . must present evidence of facts that, if proven at trial, would constitute a complete defense.'" *Gillespie v. Capitol Reprographics, LLC*, 573 F. Supp. 2d 80, 87 (D.D.C. 2008) (quoting *New York v. Green*, 420 F.3d 99, 109 (2d Cir. 2005)). Thus, a proposed defense is not meritorious if it "lacks any basis in fact." *Id.* By neglecting to allege facts in their answer or even address their proposed affirmative defenses in their motion, defendants have provided no means by which the Court might assess them, much less conclude that they are meritorious. *Cf. Int'l Painters*, 288 F. Supp. 2d at 28–31 (addressing defendant's proposed defenses, which were elaborately stated to the Court in defendant's pleading, in detail); *Gillespie*, 573 F. Supp. 2d at 86–87 (same). Defendants' proposed affirmative defenses "amount to nothing more than conclusory denials, which the Court rejects." *Id.* at 87 n.11.

## CONCLUSION

As the Circuit has repeatedly cautioned,

> "[T]he default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party. In that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights. The default judgment remedy serves as such a protection."

*Jackson*, 636 F.2d at 836 (alteration in the original) (quoting *H. F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970)). The Court concludes that such a remedy may be proper in this case. Indeed, defendants' attempts to show "good cause," Fed. R. Civ. P. 55(c), pale in comparison to those made by defendants in *International Painters* and *Gillespie*, where this Court upheld the entry of defaults. *See Int'l Painters*, 288 F. Supp. 2d at 31; *Gillespie*, 573 F. Supp. 2d at 87. The Court will therefore deny defendants' motion to vacate the defaults and direct the Clerk to enter a default against defendant Shain.

On September 11, 2012, plaintiffs filed a Motion for Default Judgment (Sept. 11, 2012

8

[Dkt. No. 18]) seeking the entry of default judgments against all defendants, injunctive relief, and $81,334.50 in costs and fees. Although defendants have yet to respond to this motion, they will be permitted an extension of time to file an opposition on or before October 15, 2012. If defendants do not oppose this motion, the requested judgment will be entered. A separate Order accompanies this Memorandum Opinion.

>                       /s/
> ELLEN SEGAL HUVELLE
> United States District Judge

Date:   October 3, 2012